UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:  David M. Russo            Chapter 13
        Amy K. Russo
                                  Case No. 10-54478

                                  Judge Marilyn Shea-Stonum

**Amended Chapter 13 Plan**

1. Adding Special Provision regarding treatment of mortgage creditor on Debtors' business property.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** David M. Russo | ) | **Chapter 13 Case No.: 10-54478** |
| Amy K. Russo | ) | |
| | ) | **Judge Marilyn Shea-Stonum** |
| | ) | |
| Debtor(s). | ) | ☐ Original Chapter 13 Plan |
| | ) | X Amended Chapter 13 Plan** |
| | ) | X See Paragraph Twelve for Special Provisions |

*********************************************************************************************
**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED**.

  The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan.  Creditors must exercise their own judgment in deciding whether to accept or oppose the plan.  Creditors should read this plan carefully and discuss it with their attorney.  Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection.  This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed.  **Creditors must file a proof of claim with the Court in order to receive distributions under this plan.  Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed.  Secured claims must have proof of security attached.  Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**
_____

### 1. PLAN PAYMENTS

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

A.  To the Chapter 13 Trustee (hereinafter "Trustee"): **$1998.00**  per month, payable in
    monthly    semi-monthly X bi-weekly   weekly    installments of **$923.00** each for a period of 60 months.

  ___X__ The Debtor (David M. Russo) is employed at **4895 State Road, Inc., ATTN: Payroll, 4895 State Road, Peninsula, OH 44264** and shall make payment by payroll deduction.

  _____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

  _____ The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

   The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan.  Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice.  A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

## 2. ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION

Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| **Creditor and Collateral** | **Account #** | **Address** | **Amount** |
|---|---|---|---|
| Ford Motor Credit<br>2005 Ford Freestyle | 3978XXXX | 3700 Embassy Parkway, Suite 490<br>Akron, OH  44333 | $100.00 |
| Ford Motor Credit<br>2008 Ford F250 | XXXX | P.O. Box 105704<br>Atlanta, GA  30348 | $100.00 |
| | | | |

## 3. ORDER OF DISTRIBUTION

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

## 4. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage Arrearages and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor should be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| BAC Homeloans | 15 Quartz Avenue<br>Peninsula, OH 44264 | NONE | | |

Page 2 of 5

B. Liens and Other Claims secured by Real Estate

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

N/A

5. **CLAIMS SECURED BY PERSONAL PROPERTY**

   A. Secured Claims to be Paid Through the Plan:

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Ford Motor Credit | 2005 Ford Freestyle | $1963.00 | 6.0% | |
| Ford Motor Credit | 2008 Ford F-250 | $29,038.00 | 6.0% | |

6. **FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|

None

7. **DOMESTIC SUPPORT OBLIGATIONS**

Debtor ___ does   X does not   have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
|---|---|---|

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|

**8. OTHER PRIORITY CLAIMS**

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|

None

**9. GENERAL UNSECURED CLAIMS**

Unsecured Creditors shall be paid 31.0% of timely filed and non disputed general non-priority unsecured claims.

**10. PROPERTY TO BE SURRENDERED**

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|

None

**11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor to the creditor:

| Creditor | Property Description |
|---|---|

None

**12. SPECIAL PROVISIONS**

Westfield Bank FSB, the mortgage holder on Debtors' business property, will continue to be paid directly by Debtor's business outside of the plan.


  /s/ David M. Russo                                   /s/Amy K. Russo
Debtor's Signature – Name typed below      Debtor's Signature – Name typed below

  David M. Russo                                        Amy K. Russo

Attorney Signature  /s/ Y. Eric Holtz_____

Name  Y. Eric Holtz_____

Ohio Registration No.____0084326_____

Address___333 S. Main Street, Suite 601, Akron, Ohio  44308

Phone___330-253-6264_____

Fax_____330-253-6265_____

# CERTIFICATE OF SERVICE

A notice to inform the following of the foregoing **Amended Chapter 13 Plan and Notice of Meeting of Creditors** was sent to the following this __30th__ day of __November__, 2010:

The following were served by regular U.S. mail:

**Debtor(s)**
David M. Russo
Amy K. Russo
15 Quartz Ave
Peninsula, OH 44264

**Creditor(s)**
Advanta Business Cards
PO Box 844
Spring House, PA 19477

American Express
PO Box 297858
Fort Lauderdale, FL 33329-7879

BAC Home Loans/Countrywide
450 American St #SV416
Simi Valley, CA 93065

Bank of America
PO Box 17054
Wilmington, DE 19884

Capital One
PO Box 30281
Salt Lake City, UT 84130

Chase
PO Box 15298
Wilmington, DE 19850-5298

Chase Home USA, NA
3700 Wiseman Blvd
San Antonio, TX 78251

Citibank (South Dakota), N.A.
Customer Service Center
PO Box 6500
Sioux Falls, SD 57117-6500

Citicards/CBSDNA
PO Box 6500
Sioux Falls, SD 57117

Collectcorp
455 North 3rd Street, Suite 260
Phoenix, AZ 85004

Discover Financial Services
PO Box 15316
Wilmington, DE 19850

First Merit Bank
106 S. Main Street
Akron, OH 44308

First Merit Bank
3 Cascade Plaza
Akron, OH 44308-1124

Ford Motor Credit
3700 Embassy Parkway
Suite 490
Akron, OH 44333

Ford Motor Credit Co
PO Box 105704
Atlanta, GA 30348

GEMB/Banana Republic
PO Box 981400
El Paso, TX 79998

GEMB/Lowes
PO Box 981064
El Paso, TX 79998

GEMB/Yahmaha
PO Box 981439
El Paso, TX 79998

HSBC
PO Box 4155
Carol Stream, IL 60197-4155

Javitch, Block & Rathbone
1100 Superior Ave., 18th Floor
Cleveland, OH 44114-2518

Kohls/Chase
PO Box 3115
Milwaukee, WI 53201

Macy's
PO Box 8118
Mason, OH 45040

Prism
PO Box 6497
Sioux Falls, SD 57117

Stow Municipal Court
4400 Courthouse Boulevard
Stow, OH 44224

Timepayment Corp LLC
10M Commerce Way
Woburn, MA 01801

Weltman, Weinberg & Reis Co., LPA
323 W. Lakeside Ave., Suite 200
Cleveland, OH 44113-1099

Westfield Bank FSB
2 Park Circle
Westfield Center, OH 44251

Zwicker & Associates, PC
80 Minuteman Road
Andover, MA 01810

I hereby certify that the foregoing was electronically transmitted on or about this 30th day of November, 2010 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notification List:

**Trustee**
Keith Rucinski
*Electronic Service*

U.S. Trustee
*Electronic Service*

/s/ Y. Eric Holtz_____
Y. Eric Holtz (0084326)
Graham & Associates Law Offices, LLC
333 S. Main Street, Suite 601
Akron, OH  44308
(330) 253-6264
(330) 253-6265 FAX
Grahamlawoffice@sbcglobal.net